UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY WHIPKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:17-cv-385 |
| | ) |
| SAPA EXTRUSIONS, INC. a/k/a | ) |
| SAPA EXTRUSIONS AMERICA d/b/a | ) |
| SAPA ALUMINUM, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Jeremy Whipkey ("Whipkey"), brings this action against Defendant, SAPA Extrusions, Inc. a/k/a SAPA Extrusions America d/b/a SAPA Aluminum ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA"), as amended.

**PARTIES**

2. Whipkey has resided within the Northern District of Indiana at all relevant times.

3. Defendant is a corporation doing business within the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Whipkey was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Whipkey was a "person" within the meaning of 42 U.S.C. § 12111(7).

7. Whipkey was an applicant within the meaning of the ADA.

8. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

9. Whipkey is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

10. Whipkey satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right-to-sue notice to Whipkey. He now timely files his lawsuit.

11. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Whipkey had hernia surgery in or about 2008.

13. Because of the surgery, Whipkey's doctor prescribed him various medications.

14. Whipkey became addicted to at least one medication and underwent medical treatment to wean himself off the medication in or about early 2015.

15. Pursuant to the direction of his doctor, Whipkey took Suboxone to assist him in recovering from his severe addiction to the medication.

16. Whipkey applied for a laborer position with Defendant in or about early June 2015.

17. Defendant hired Whipkey for a Saw Operator Press III position on or about June 10, 2015.

18. Defendant sent Whipkey to a healthcare provider for a physical and drug screen.

19. Whipkey complied with Defendant's directives and took a drug screen and his physical.

20. Whipkey voluntarily disclosed to the drug screen administrator that he was taking prescription medications, including Suboxone, for his disability and issues arising therefrom.

21. Defendant subsequently withdrew its job offer purportedly because of one medication (Suboxone).

22. Defendant placed a blanket restriction on Whipkey that he could not work with the medication.

23. In or about mid-June 2015, Whipkey complained, verbally and in writing, to Defendant's Human Resources Manager Chris Teeple ("Teeple") that its actions constituted discrimination and violated the ADA. Whipkey and Teeple discussed Whipkey's medications and that he could perform his job with the medications. Whipkey's complaints constituted statutorily-protected activities and a request for a reasonable accommodation.

24. Defendant did not engage in the interactive process with Whipkey to identify a reasonable accommodation and did not propose a reasonable accommodation to him.

25. Teeple then instructed Whipkey to take a second drug screen with another administrator on or about July 6, 2015.

26. Between on or about June 10, 2015, and July 6, 2015, Whipkey and Teeple communicated several times during which Whipkey continued to inform Teeple he was taking Suboxone, among others.

27. Defendant was, therefore, aware that Whipkey was on said medications when he took the second drug screen.

28. On or about July 6, 2015, Whipkey took the drug screen, which he passed.

29. In completing medical paperwork, Whipkey inadvertently failed to identify his medications. However, he presented his prescriptions to the drug screen administrator.

30. On or about July 15, 2015, Whipkey again told Teeple he continued to take Xanax,

Cymbalta, and Suboxone.

31. On or about July 17, 2015, Defendant again rescinded its job offer.

32. Defendant took adverse employment actions against Whipkey because of his disability, his record of a disability, its perception of him being disabled, and/or his engagement in statutorily-protected activities.

33. Defendant has accorded more favorable treatment to similarly-situated employees who are not disabled, do not have a record of a disability, are not regarded as disabled, and/or have not engaged in statutorily-protected activities.

34. All reasons proffered by Defendant for adverse actions taken by it regarding Whipkey's employment are pretextual.

35. Whipkey has suffered injury and harm as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of Defendant's unlawful acts.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

36. Whipkey hereby incorporates paragraphs 1-35 of his Complaint.

37. Once Defendant was on notice of Whipkey being on Xanax, Cymbalta, and Suboxone, Defendant did not provide a reasonable accommodation to him, let alone engage in the interactive process with him.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Whipkey's rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

39. Whipkey hereby incorporates paragraphs 1-38 of his Complaint.

40. Defendant took adverse employment actions against Whipkey because of his disability, his record of a disability, and/or its perception of him being disabled.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Whipkey's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

42. Whipkey hereby incorporates paragraphs 1-37 of his Complaint.

43. Whipkey engaged in statutorily-protected activities.

44. Defendant fired Whipkey in retaliation for engaging in statutorily-protected activities.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Whipkey's rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Jeremy Whipkey, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant instate Whipkey to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of instatement;

2. Defendant pay lost wages and benefits to Whipkey;

3. Defendant pay compensatory and punitive damages to Whipkey;

4. Defendant pay pre- and post-judgment interest to Whipkey;

5. Defendant pay Whipkey's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Whipkey any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Jeremy Whipkey

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
             bwilson@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Jeremy Whipkey, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49